## OSMON JONES *vs.* INHABITANTS OF ANDOVER.

In an action to recover damages for an injury sustained by reason of a defective way, the defendants may prove that the plaintiff, at the time of receiving the injury, was travelling in violation of the statutes for the observance of the Lord's day, without specially averring that as a ground of defence in the answer.

A person cannot legally travel on the Lord's day for the purpose of supplying fresh meat to marketmen, whom his master has agreed to supply therewith, although he could not do this, in addition to his other work, on Monday morning, and his master, by reason of illness, is unable to do it himself.

TORT to recover damages for an injury received by reason of a defective highway. The answer denied the existence of a defect in the highway, and that the plaintiff was using due care at the time of receiving the injury.

At the trial in the superior court, before *Morton,* J., it appeared that the plaintiff's injury was received on Sunday, while he was carrying fresh meat from North Reading, where he resided, to Lawrence, a distance of twelve miles. The defendants objected that the plaintiff could not recover, because he was travelling illegally, and so was not using due care. The plaintiff contended

that this ground of defence was not open under the answer; but the judge ruled otherwise. The plaintiff then offered to prove that he was the only servant of one Eames, of Reading; that Eames was under contract to supply certain marketmen in Lawrence, and also others in Stoneham, with fresh meat for their daily customers, as needed; that the stock of one of Eames's customers in Lawrence had become exhausted on the Saturday before the accident; that Eames had been taken sick a day or two before, and was then confined to his bed; that the plaintiff, as Eames's servant, was called on to furnish meat to this customer; that Eames was bound to furnish meat at Stoneham early on Monday morning; that the plaintiff could not carry the meat to Lawrence, unless on Sunday night, and so told the marketman from Lawrence, who replied that the meat must be furnished, as there was nothing else with which to supply his Monday customers; that in order to supply these customers with meat for Monday it was necessary, on account of Eames's sickness, for the plaintiff to carry it to Lawrence on Sunday night; that he accordingly started on Sunday evening after sundown, and was travelling to Lawrence upon this errand when the accident happened; and that, at that season, fresh meat, in order to be fit for food on Monday, should be slaughtered and dressed on Sunday. The judge ruled that these facts, if proved, would not entitle the plaintiff to recover, and a verdict was accordingly returned for the defendants. The plaintiff alleged exceptions.

*D. Saunders, Jr.*, for the plaintiff.

*S. B. Ives, Jr., & S. Lincoln, Jr.*, for the defendants.

BIGELOW, C. J. It is too clear to admit of discussion, that the act of the plaintiff in travelling on the Lord's day was not within the exception of the statute, (Gen. Sts. *c.* 84, § 2,) as being justified by necessity or charity. He was, at the time of the accident, in the pursuit of a secular business, carried on for purposes of profit and gain, and the temporary inconvenience which might have been caused by his failure to supply provisions on Monday to those persons who usually dealt with his principal falls far short of proving any such exigency as would

warrant a jury in finding that the plaintiff was lawfully on the highway at the time when the accident happened. *Bennett* v *Brooks*, 9 Allen, 118.

The more difficult question arises on the state of the pleadings. The unlawful act of the plaintiff in travelling on the Lord's day is not alleged in the answer. No averment whatever is made as a distinct ground of defence. The case is at issue solely on a denial of the averments in the declaration. Of these, the only one which can be said to include the fact that the plaintiff was lawfully on the highway at the time of the accident is, that he was travelling thereon, " using due care." If the traverse of this averment properly put in issue the legality of the plaintiff's act in using the highway on the Sabbath, then it is clear that the case was rightfully submitted to the jury, and the verdict cannot be disturbed.

The term " due care," as usually understood in cases where the gist of the action is the negligence of the defendant, implies not only that a party has not been negligent or careless, but that he has been guilty of no violation of law in relation to the subject matter or transaction which constitutes the cause of action. Thus, in an action brought against a railroad corporation for a collision at the crossing of a highway, evidence that the defendants omitted to ring the bell of the engine or to sound the whistle, as required by law, would be competent evidence in support of the allegation of a want of due care. So in case of a collision of two vehicles on a highway, evidence that the plaintiff was travelling on the left side of the road, in violation of the statute, when he met the defendant, would be admissible to show negligence. In such cases, evidence that a party is guilty of a violation of law supports the issue of a want of proper care; nor can it be doubted that in these and similar actions the averment in the declaration of the use of due care, and the denial of it in the answer, properly and distinctly put in issue the legality of the conduct of the party as contributing to the accident or injury which forms the groundwork of the action. No specific averment of the particular unlawful act which caused or contributed to produce a result could, in such cases, be deemed

necessary. We are unable to see that a different rule is appli-cable to the case at bar. It is true that no direct unlawful act ot omission or commission by the plaintiff, done at the moment when the accident happened, and tending immediately to pro-duce it, is offered to be shown in evidence. But it is also true that if the plaintiff had not been engaged in the doing of an unlawful act the accident would not have happened, and the negligence of the defendants in omitting to keep their road in proper repair would not have contributed to produce an injury to the plaintiff. It is the disregard of the requirements of the statute by the plaintiff which constitutes the fault or want of due care which is fatal to the action. In this aspect, it is clear that no averment of such illegal conduct was necessary to enable the defendants to avail themselves of it as a ground of defence to this action. It was a substantive fact included in the averment of due care in the declaration, and sufficiently put in issue by the denial in the defendants' answer. It is only when the de-fendant relies on some substantive distinct fact, not alleged by the plaintiff or included in the averments in the declaration, that it is necessary to set it forth in the answer. *Granger* v. *Ilsley,* 2 Gray, 521. *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541. The case of *Bosworth* v. *Swansey,* 10 Met. 363, fully supports the view which we have taken of the pleading in this action. That was an action like this, to recover damages for a defect in a highway. The defence was, as here, that the plaintiff was unlawfully trav-elling on the road on the Lord's day. The court determined that it was incumbent on the plaintiff to prove that he was law-fully travelling, from necessity or for purposes of charity, and it was distinctly held that the case fell within the principle which, in such cases, renders it necessary for the plaintiff to prove that he was in the use of due care, to entitle him to recover damages. It is never necessary that a defendant should allege in his answer any facts which it is the duty of the plaintiff to prove in support of his case, before the defendant can be called on for the grounds of his defence.

We have assumed that the allegation of the use of due care by the plaintiff at the time of the accident, comprehends the

fact that the plaintiff was then lawfully on the highway. Such, we think, is the reasonable construction of the form of declaration prescribed in the forms annexed to the practice act, Gen. Sts. *c.* 129; otherwise, it would seem that a material fact, which it was the duty of the plaintiff to prove, was not included in the statute form of pleading. But if it were not so, it would not change the result. If it is not necessary to aver the fact in the declaration, it certainly cannot be required of the defendant to deny its existence, or make any averment respecting it, in the answer. It has already been determined that an omission to deny in an answer a fact necessary to the maintenance of the action, but not alleged in the declaration, is not to be deemed an admission of such fact. *Tarbell* v. *Gray,* 4 Gray, 444. On the same ground, a defendant need not traverse such fact, oi make any averment respecting it, if the plaintiff does not allege it in his declaration. *Exceptions overruled.*